McGeorge v. Chapman.

---

### JOHN B. McGEORGE v. GEORGE M. CHAPMAN.

1. When the maker's name to a note is illegible, the notary, in making protest, must make a reasonable effort to ascertain the name.
2. If the notary neglect such duty or misdescribes such name, whereby an endorser is mislead, the protest will not be available as to such party.

---

On rule to show cause.

This suit was brought against the defendant as the endorser of a promissory note, given March 5th, 1881, at two months, for $1682.64, payable at the National Citizens' Bank, 401 Broadway. It was signed by the maker, with his proper signature, thus: " H. Jacobs, 403 Broome St., N. Y." It was endorsed by George M. Chapman.

The defence is that no proper notice of non-payment was given to the endorser. There is no substantial dispute about the facts.

The note was given to Lockwood & Chapman, merchants in New York, by a customer of theirs, Henry Jacobs, doing business at 403 Broome street, New York, for goods sold to him by Lockwood & Chapman. George M. Chapman, the

defendant, was the uncle of Chapman in the firm, and the note was drawn in his name as payee for the convenience of the firm, in order that they might obtain his endorsement and get the paper discounted by themselves in the ordinary course of their banking business.

George M. Chapman had been a special partner in their firm, and was assisting them with his credit and capital. He was in the habit of endorsing whatever business paper they asked him to endorse. He relied upon them entirely, and, being out of business himself, took no note or memorandum of any of the paper so endorsed.

At the time of endorsing this note he had also endorsed another similar note, given by Jacobs, and numerous other notes for the firm, merely for their convenience and accommodation. This note was sold by Lockwood & Chapman to McGeorge, the plaintiff, who was a dealer in commercial paper, and who gave a check, payable to George M. Chapman, for the amount paid for the note, and George M. Chapman endorsed the check over to Lockwood & Chapman, to whom it belonged.

McGeorge did not see George M. Chapman in the transaction, and had no knowledge of him until after this suit was brought.

The plaintiff sold the note to the Danbury Bank, and that bank sent it to the National Park Bank for collection. Clifford, the notary of the bank, presented and protested it, but, mistaking the maker's signature and considering it illegible, wrote it Le Cals, and sent his notices of protest, describing the note as made by " H. Le Cals, 403 Broome street, New York."

One of these notices was sent to George M. Chapman, dated May 9th, 1881. When Mr. Chapman received it, it informed him that the protested note was made by H. Le Cals, of whom he had no knowledge. He took the precaution, however, to guard against the possibility that they might have been mistaken in the name, and that the note was really one which he had endorsed for Lockwood & Chapman. He went at once

to Lockwood & Chapman, showed them the notice of protest, and asked if he had endorsed any such note for them. They assured him that he had not. He insisted that they should examine their books to see if there was any such account on the books. He found there was not. He showed the notice personally to Mr. Lockwood, and Mr. Lockwood assured him that no such note had been endorsed by him for them. He knew he had done so for no other, and came to the conclusion that the notice must have been intended for another George M. Chapman, of whom there were two others in business in New York, with whose letters and notices he had before that time been troubled. He then threw the notice in the waste-basket, and knew nothing more of the transaction until McGeorge applied to him to pay the note. After this he searched among the waste paper and found the original notice, which is produced. It distinctly alleges that the maker of the note was Le Cals, and not Jacobs. Mr. Chapman asserts that he was, in fact, misled by this notice.

Argued at June Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the rule, *A. Q. Keasbey.*

*Contra, E. D. Gillmore.*

· The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This is a suit against an endorser, and the only defence interposed by him is that the notice of the dishonor of the note misdescribed the maker's name, and that he was misled by such imperfection.

From the exhibits and the evidence it is shown that the name of the maker of the note in question is illegible, and it was considered so to be by the notary who protested it. If the signature had been so written as to lead the notary, in the exercise of due caution and skill, to the belief that it stood for a certain name and he had so described it, such error

would not have vitiated his notice. A mistake of that character is not attributable to the negligence of the holder of the paper or that of his agent giving notice of its dishonor, but the endorser who passes the paper into circulation must bear the consequences of such misleading defect. But when the name of the maker is not so fashioned as to suggest to the notary a false name, but he finds it illegible, then it plainly becomes his duty to use reasonable endeavors to ascertain who is the person thus indistinctly signified. He is, when thus placed, put upon inquiry, and must use proper diligence. Such I understand to be the legal rule. *Pars. on Bills and Notes* 485.

And this was the situation of the notary in the present instance. The name signed to the note was H. Jacobs. The officer, finding it illegible, sought to make a *fac-simile* of it, and in doing so wrote it Le Cals. As I have said, he could not resort to this expedient until he had exhausted all reasonable attempts to ascertain the real name thus obscurely indicated. In the performance of this duty the officer was utterly remiss. The address of the maker at 403 Broome street, N. Y., was subscribed to his name, and the residence of the endorser, the defendant, was in the same city. The note was payable at the National Citizens' Bank, in Broadway, and was there presented by the notary, but he made no inquiries of the officers of that institution with regard to the maker's name. The only inquiry he made of any one was at the Park Bank, to which the note had been sent for collection. The course thus pursued by the notary was devoid of that diligence which the rules of the law exact. The notice to the endorser was not sufficient, unless it appears in the case that he was not misled by it.

But, to the contrary of this, he testifies that he was so misled. He was called as a witness by the plaintiff, and his testimony is unequivocal to this effect. It is true that there are some circumstances that cast suspicion over his statements, but, as the case stood, there was nothing tangible on which the jury had a right to rest the verdict rendered by them.

There should be a new trial.